**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin Joseph McKINLEY; Seamus Moley, Defendants–Appellants.**

**No. 93–10754.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1994.

Decided Oct. 3, 1994.

David Taylor Shannon, Asst. Federal Public Defender, Tucson, AZ, for defendant-appellant Kevin Joseph McKinley.

D. Jesse Smith, Tucson, AZ, for defendant-appellant Seamus Moley.

Robert L. Miskell, Asst. U.S. Atty., Tucson, AZ, and Sean Connelly, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Kevin McKinley and Seamus Moley appeal the district court's order denying their motions to dismiss the indictment brought against them in Arizona. They assert that the indictment subjects them to double jeopardy and that it is vindictive. In it the grand jury has charged them with placing explosive materials in a motor vehicle employed in

interstate commerce (18 U.S.C. § 33); shipping explosive materials in interstate commerce without a permit (18 U.S.C. §§ 842(a)(3)(A), 844(a)); transporting explosive materials in interstate commerce with the knowledge and intent that they would be used to kill or injure members of the United Kingdom's military (18 U.S.C. § 844(d)); knowingly and willfully possessing detonators in aid of the Irish Republican Army for use against the United Kingdom (18 U.S.C. § 957); and receipt of explosives by a felon (18 U.S.C. §§ 842(i)(1) and 844(a)).

We determine that we and the district court lack jurisdiction over the double jeopardy claim because it is not ripe for review and that we have no jurisdiction to review the vindictive prosecution claim on interlocutory appeal.

## BACKGROUND

According to the charges against them in the District of Arizona, McKinley and Moley engaged in a conspiracy to obtain weapons and explosives for the Provisional Irish Republican Army (PIRA). They were successful in obtaining 2900 detonators in Arizona. Those were shipped to the east coast on a Greyhound bus, and from there were sent on to the PIRA in the United Kingdom, where that organization used them in terrorist attacks. From January 1991 to January 1992 at least 35 unexploded detonators were found at bombsites throughout the United Kingdom.

McKinley and Moley were considerably less successful in their attempts to acquire a Stinger surface to air missile and some .50 caliber rifles because they wound up negotiating with government agents for those weapons. That debacle led to their prosecution for conspiracy and attempted weapons procurement in the Southern District of Florida where they were convicted of both the conspiracy and the attempt. *United States v. McKinley,* 995 F.2d 1020 (11th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1405, 128 L.Ed.2d 77 (1994). The Eleventh Circuit affirmed the convictions, but vacated and remanded for resentencing, so that the district court could make the requisite findings that McKinley and Moley, beyond a reasonable doubt, conspired to commit a particular object of the multi-object conspiracy of which they were convicted before relying on that object in setting the guideline range. *Id.* at 1025–26. Thereafter, this prosecution ensued. While they were named only as *unindicted* coconspirators in a count which encompassed the conspiracy for which they had been prosecuted in Florida, they were indicted for the substantive offenses involving the 2900 detonators.

McKinley and Moley then asserted that double jeopardy and vindictive prosecution principles should bar the indictment. The district court disagreed. In so doing, it said that their claim was solely one of double punishment and that a claim of that sort was insufficient to result in a dismissal of the indictment. It also declined to dismiss on vindictive prosecution grounds. This interlocutory appeal ensued. We do not reach the merits because we find jurisdiction to be lacking.

## JURISDICTION

In general, the district court had jurisdiction under 18 U.S.C. § 3231. In general, we have interlocutory jurisdiction over the double jeopardy claim pursuant to 28 U.S.C. § 1291 and *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977). However, as discussed below, jurisdiction does not exist in this case because the double jeopardy claim is not ripe and the vindictive prosecution claim cannot be brought up on an interlocutory appeal.

### A. The Motion to Dismiss on Double Jeopardy Grounds

McKinley and Moley contend that the Arizona indictment violates the double jeopardy protection against multiple punishments. They claim that the Arizona indictment should have been dismissed because (1) the substantive offenses with which they are now charged also formed the basis for one of the objects of the multiple-object conspiracy of which they were convicted and for which they were sentenced in Florida; and (2) the conduct which underlies the Arizona charges, their procurement of detonators, was intro-

duced to enhance their sentence in Florida. Both issues framed by them are, as they indicate, aimed at the multiple punishment branch of double jeopardy and not at multiple prosecution.

■ We determine that because the double jeopardy claim focuses on double punishment it is not ripe for review. McKinley and Moley have not been convicted, much less sentenced, in Arizona. Moreover, their Florida sentences have been vacated by the Eleventh Circuit, and resentencing upon remand has not occurred as yet because the Supreme Court only recently denied their petitions for certiorari regarding the Eleventh Circuit's decision. ⸺ U.S. ⸺, 114 S.Ct. 1405, 128 L.Ed.2d 77 (1994). At present, therefore, no operative Florida sentence with which to compare the potential Arizona conviction and sentence exists, and no conviction or sentencing has occurred in Arizona.

Neither the Florida nor the Arizona sentencing procedure has come to rest and we are unable to predict that any double punishment will ensue. It is true that at the Florida trial some reference was made to the detonators which are the subject of the Arizona indictment, but the evidence at that trial focused on the negotiations for the purchase of the Stinger missile. *McKinley*, 995 F.2d at 1022–23. The circumstances surrounding the purchase of the 2900 detonators, which form the crux of the charges in the Arizona indictment, were only admitted into evidence at the Florida trial to the extent that McKinley himself referenced them during negotiations with undercover agents in Florida for the purchase of the Stinger missile and other munitions, including more detonators.

At the first sentencing in Florida, the government also presented the testimony of Marvin Jameson concerning McKinley and Moley's acquisition of 2900 detonators in Arizona. Based upon that, among other things, the government sought an upward departure under United States Sentencing Commission, *Guidelines Manual* § 5K2.15 (Nov. 1990) because McKinley and Moley's "actual and attempted procurement of detonators and their attempts to buy C–4, guns, mortars, and ammunition" were "committed in furtherance

of the wide-spread and bloody terrorist violence of the Provisional Irish Republican Army." The district court declined to upwardly depart but imposed sentences at the upper end of the applicable guideline range, "[d]ue to the seriousness of the crimes" of which McKinley and Moley had been convicted. It gave no indication that it was punishing McKinley and Moley for the Arizona detonator purchase and shipment.

We certainly cannot predict what the ultimate evidence and result will be in the second Florida sentencing proceeding. "[O]nly when [the Florida sentence] is final can [this] court develop the full picture of defendants' claims to having already been 'punished'...." *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir.1993). Since both proceedings—not just the instant prosecution—are incomplete, it would not only be premature but nearly impossible to evaluate McKinley and Moley's double punishment claim. *Id.* at 370. We do not eschew engaging in vaticination where there is basis to do so. That basis does not appear here.

There is some authority for considering double punishment claims before the second proceeding is complete. *See United States v. McCormick (McCormick II)*, 992 F.2d 437, 439 (2d Cir.1993) (addressing double punishment argument before conviction or sentence in second prosecution); *United States v. Eley*, 968 F.2d 1143, 1147–48 (11th Cir.1992) (same); *cf., United States v. Saccoccia*, 18 F.3d 795, 799–800 & n. 3 (9th Cir.1994) (threshold issue regarding double punishment taken up before second conviction but issue itself deferred). *But see, United States v. Koonce (Koonce II)*, 885 F.2d 720, 722 (10th Cir.1989) (claim not ripe until an arguably multiple sentence received); *United States v. Caceda*, 990 F.2d 707, 709 (2d Cir. 1993) (possible double punishment claim must be raised at second sentencing), *cert. denied*, ⸺ U.S. ⸺, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993). However, there is no authority for considering double punishment claims when no sentencing proceeding is complete. Before a sentencing has come to rest the evidentiary, factual and legal bases for any punishment are so indeterminate that no proper comparison of the proceedings can

be undertaken. We therefore determine that the double jeopardy claim is not ripe, so we lack jurisdiction to review it at this time. *See Southern Pacific Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir.1990), ("Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction...."), *cert. denied,* —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991).

## B. Vindictive Prosecution Claim

■ McKinley and Moley contend that their due process rights were violated because prosecutorial vindictiveness presumptively caused the Arizona prosecution, as indicated by the following of the Arizona prosecution on the heels of the Florida district court's refusal to upwardly depart on their sentences and their filing of appeals of their Florida convictions. We lack jurisdiction to consider this issue on interlocutory appeal. *United States v. Hollywood Motor Car Co., Inc.,* 458 U.S. 263, 264, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982) ("We do not reach the question of prosecutorial vindictiveness, for we hold that the Court of Appeals was without jurisdiction ... to review the District Court's interlocutory order refusing to dismiss the indictment."); *see also, United States v. Cejas,* 817 F.2d 595, 596 (9th Cir. 1987) ("[T]he court does not have ancillary jurisdiction to review otherwise nonappealable questions that are raised simultaneously with the double jeopardy claim."); *United States v. Garner,* 632 F.2d 758, 764 (9th Cir.1980) ("[A] particular issue ... is not appealable simply because brought together with the admittedly appealable double jeopardy claim."), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). We therefore dismiss this appeal to the extent it raises this issue. *See United States v. Bendis,* 681 F.2d 561, 569 (9th Cir.1981), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982).

## CONCLUSION

McKinley and Moley seek to have us decide whether they will be subjected to double jeopardy in the form of double punishment and whether they are being subjected to vindictive prosecution. They have come to us too soon.

We cannot consider their double jeopardy claim because we are judges, not oracles. They have not yet been sentenced once, much less sentenced twice, for their purchase of 2900 detonators in aid of PIRA's death-dealing activities. Neither sentencing has come to rest. That claim is not ripe. We cannot consider their second claim because it cannot be raised on interlocutory appeal. The difficulties are irremediable at this time because they are, in a word, jurisdictional. Of course, we express no opinion on the merits of the dispute.

We therefore vacate the district court's decision on the merits of the double jeopardy claim and dismiss the appeal of the vindictive prosecution claim.

VACATED in part, DISMISSED in part and REMANDED.

SCHROEDER, Circuit Judge, dissenting in part:

I agree with the majority that we lack jurisdiction to review appellants' interlocutory claim of vindictive prosecution. The majority's holding that the appellants' double jeopardy claim is unripe presents quite a different matter.

Appellants' position is that because the shipping of detonators with which they are charged in this prosecution was taken into account as relevant conduct in their prior Florida sentences, double jeopardy principles foreclose this prosecution, as well as any conviction or punishment that might follow from it. That claim is ripe. A claim of possible double jeopardy must be decided before the second trial. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). The government does not even challenge ripeness.

The majority overlooks the critical point that appellants have served their Florida sentences. The majority may be confused by the fact that on appeal, the Eleventh Circuit vacated appellants' Florida sentences and remanded for specific findings concerning the conduct that supported those sentences. *See*

*United States v. McKinley,* 995 F.2d 1020 (11th Cir.1993), *cert. denied,* —— U.S. —— and —— U.S. ——, 114 S.Ct. 1405 and 114 S.Ct. 1552, 128 L.Ed.2d 77 and 128 L.Ed.2d 201 (1994). However, the original sentences were imposed at the top of the Guideline range because they were calculated with reference to all of the objects of the Count I conspiracy, *McKinley,* 995 F.2d at 1023, 1024. Those objects included the Arizona shipment of detonators. The Florida district court had heard evidence that the detonators were "taken to the Greyhound business station in Tucson and shipped to New York." (ER·33). Whether the Florida district court erred in sentencing on the basis of that conduct is irrelevant for purposes of double jeopardy or punishment. A trial and punishment have already occurred.

The majority may also be confused by the government's argument that different detonators from those at issue in the Arizona indictment may have been involved in the Florida proceeding. There is no suggestion in this record that there were any detonators in Arizona other than those described in the Florida proceedings. Even if a factual issue does exist, it should be determined by the district court prior to trial. The legal claim of double jeopardy is not thereby rendered unripe.

On the merits, the circuits are divided as to whether a defendant can be tried and sentenced on conduct that has already been considered in an earlier prosecution and deemed "relevant conduct" in a sentence under the Sentencing Guidelines. The Second Circuit has held squarely that the government cannot mount a second prosecution in such circumstances. *United States v. McCormick,* 992 F.2d 437, 439 (2nd Cir.1993). The Tenth Circuit has held that a second trial can go forward. *United States v. Koonce,* 885 F.2d 720, 722 (10th Cir.1989) (*Koonce II*). However, when later faced solely with the question of double punishment, it held that the defendant could not be convicted and punished a second time. *United States v. Koonce,* 945 F.2d 1145, 1154 n. 10 (10th Cir.1991) (*Koonce III*), *cert. denied,* —— U.S. —— and —— U.S. ——, 112

S.Ct. 1695 and 112 S.Ct. 1705, 118 L.Ed.2d 406 and 118 L.Ed.2d 413 (1992).

The Fifth Circuit, on the other hand, has recently held that neither the prosecution nor punishment of conduct that was included as relevant conduct in an earlier prosecution is automatically barred by double jeopardy. *United States v. Wittie,* 25 F.3d 250 (5th Cir.1994) (relying on provisions of the Sentencing Guidelines adopted after *Koonce III* but before *McCormick*); *see also United States v. Cruce,* 21 F.3d 70 (5th Cir.1994), *petition for cert. filed,* (Jun. 24, 1994) (No. 93–9712). In a related context, the Seventh Circuit has held that when conduct is used to enhance a sentence, the same conduct may be the basis for a subsequent prosecution of a substantive offense. *United States v. Brown, et al.,* 31 F.3d 484, 494 (7th Cir.1994); *see also United States v. Duarte,* 28 F.3d 47 (7th Cir.1994).

In my view, the Second Circuit's approach appears more in line with Congressional intent to ensure that defendants prosecuted for similar conduct be treated similarly. Under the Fifth Circuit's approach, the government could engage in repeated prosecutions if at first it obtained an unsatisfactory sentence. This sort of count manipulation constitutes the very evil that Congress wished to avoid in enacting the Sentencing Guidelines. U.S.S.G. Ch. 1, Pt. A 4(a), Policy Statement. I see no point in following the Tenth Circuit's approach in *Koonce,* which effectively permitted a second trial to go forward that ultimately could not have resulted in a lawful conviction or sentence.

For these reasons, I respectfully dissent from the majority's refusal to consider the double jeopardy claim.