**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodney L. ROBINSON, Defendant–Appellant.**

No. 93–2832.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 22, 1994.[1]

Decided Dec. 13, 1994.

Andrew B. Baker, Jr., Asst. U.S. Atty., Dyer, IN, for plaintiff-appellee.

Michael P. Rehak, South Bend, IN, for defendant-appellant.

Before POSNER, Chief Judge, CUMMINGS and MANION, Circuit Judges.

PER CURIAM.

A jury found defendant Rodney L. Robinson guilty of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (2), and possession of a firearm during a drug transaction, 18 U.S.C. § 924(c). The district court sentenced defendant to consecutive terms of 21 months' imprisonment and 60 months' imprisonment. Defendant challenges his conviction on the basis that, after a state conviction for the same conduct,[2] the federal conviction violated the double jeopardy clause.

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

2. In Indiana, defendant had previously entered a plea of guilty to possession of cocaine with intent to deliver, and the state court sentenced him to a

Defendant asks that we abolish the dual sovereignty doctrine because it is "outdated" and it "has been opposed by respected members of the Court since its inception." We decline defendant's suggestion that we abolish the dual sovereignty doctrine, since the Supreme Court "has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92, 106 S.Ct. 433, 439, 88 L.Ed.2d 387 (1985). The dual sovereignty doctrine has been "a fixture of constitutional law for decades." *United States v. Bafia*, 949 F.2d 1465, 1478 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1989, 118 L.Ed.2d 586 (1992). *See also United States v. McKinley*, 23 F.3d 181, 184 (7th Cir.1994) (collecting cases); *United States v. Brocksmith*, 991 F.2d 1363, 1366 (7th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 569, 126 L.Ed.2d 468 (1993).

Defendant also asks that we extend the holding in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), to preclude a second prosecution for the same conduct prosecuted by a different sovereign. We need not attempt such a feat, since the Supreme Court has overruled the *Grady* same conduct test. *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). *See also United States v. Duarte*, 28 F.3d 47, 48 (7th Cir.1994).

Accordingly, the judgment of the district court is AFFIRMED.

suspended sentence of 7 years' imprisonment, and a term of probation including serving 60 days in the county jail, followed by two years' probation.

The district court, in imposing the federal sentence, stated that count one (possession of cocaine) was to be served concurrently with the defendant's sentence in the Indiana state court case. The district court also noted: "The dual sovereignty doctrine allows Mr. Robinson to be charged and convicted in this court for the same conduct, as well, but the selection of the sentence within the range should reflect that he already has served much of the sentence that another judge believed to be appropriate." Nevertheless, the court stated that it did not "believe that the prior sentence, even coupled with the post-verdict cooperation, presents a basis for a downward departure."