61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JAMAL B., a juvenile, Defendant-Appellant.
 No. 94-10479.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided July 25, 1995.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jamal Brown appeals the district court's order grant of the government's motion to transfer him for adult prosecution. See 18 U.S.C. Sec. 5032. He also claims that his speedy trial rights were violated. We affirm in part and dismiss for lack of jurisdiction in part.
 
 
 4
 1. Brown first claims that the district court abused its discretion when it granted the government's motion under 18 U.S.C. Sec. 5032 to transfer him to the district court for prosecution as an adult. We find no abuse of discretion. See United States v. Alexander, 695 F.2d 398, 400 (9th Cir. 1982), cert. denied, 462 U.S. 1108, 103 S. Ct. 2458, 77 L. Ed. 2d 1337 (1983). The district court did consider and weigh the factors required by law. See United States v. Gerald N., 900 F.2d 189, 191 (9th Cir. 1990). We find no error in the district court's decision. Rather, the age, development, maturity and background of Brown, as well as the nature of his record, the nature of his crime, the nature of his response to prior efforts to rehabilitate him, and the availability of programs all pointed toward the virtual inevitability of the district court's decision to transfer him for adult prosecution.
 
 
 5
 2. Brown also argues that his speedy trial rights pursuant to 18 U.S.C. Sec. 5036 have been violated. We have previously determined that orders denying motions to dismiss under the Speedy Trial Act are not immediately appealable. See United States v. Mehrmanesh, 652 F.2d 766, 768 (9th Cir. 1981); see also United States v. MacDonald, 435 U.S. 850, 863, 98 S. Ct. 1547, 1554, 56 L. Ed. 2d 18 (1978) (Sixth Amendment); United States v. Ford, 961 F.2d 150, 151 (9th Cir. 1992) (Interstate Agreement on Detainers Act). We see no reason to apply a different rule here. Of course, the mere fact that we can exercise jurisdiction over one issue (the transfer decision) does not mean that we can exercise jurisdiction over other pre-trial issues. See Abney v. United States, 431 U.S. 651, 657-59, 97 S. Ct. 2034, 2039-40, 52 L. Ed. 2d 651 (1977) (the fact that a court can exercise jurisdiction over one pre-trial motion does not mean that it can consider others at the same time); United States v. McKinley, 38 F.3d 428, 431 (9th Cir. 1994) (same); see also United States v. Yellow Freight Sys., Inc., 637 F.2d 1248, 1251 (9th Cir. 1980), (each claim in a court's order must be examined separately to determine if it is immediately appealable), cert. denied, 454 U.S. 815, 102 S. Ct. 91, 70 L. Ed. 2d 84 (1981).
 
 
 6
 AFFIRMED as to transfer. DISMISSED for lack of jurisdiction as to speedy trial issue.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3