**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50252
(Summary Calendar)

SANDRA A. MICKLE,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-1110

March 26, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sandra A. Mickle appeals the district court's judgment for the Commissioner in her action

pursuant to 42 U.S.C. § 405(g) seeking review of the denial of her application for disability insurance

benefits. Mickle argues that the decision is not supported by substantial evidence because the

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Administrative Law Judge ("ALJ") did not give sufficient weight to the testimony of her treating physician, did not fully develop the record, did not adequately consider her subjective complaints of pain, and erroneously required her to show total incapacity before finding her disabled.

The ALJ was not bound to credit the opinion of Mickle's treating physician over that of a nontreating physician when it was not supported by the objective medical evidence. *See* Paul v. Shalala, 29 F.3d 208, 211 (5th Cir. 1994). Although the ALJ has a basic duty to develop a full and fair record, Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995), there is no evidence that any of Mickle's medical records were not included in the administrative record.

Mickle's contention that her pain is disabling is not borne out by the medical evidence contained in the record. *See* Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir. 1989). The ALJ's assessment of Mickle's subjective complaints of pain is therefore supported by substantial evidence. *See* Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

The ALJ did not require Mickle to prove total incapacity, but determined that she was not severely impaired and concluded that she was therefore not disabled within the meaning of the Social Security Act. *See* Bowling v. Shalala, 38 F.3d 431, 435 (5th Cir. 1994). Because the ALJ's conclusion is supported by the substantial evidence, it is

AFFIRMED.