### UNITED STATES of America, Plaintiff–Appellee,

### v.

### Randall E. COPE, also known as Randy Cope, Defendant– Appellant.

### No. 00–5582.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

### ORDER

Randall E. Cope appeals the sentence imposed upon his pleas of guilty and nolo contendere to charges that he sent annoying and harassing electronic mail messages in interstate and foreign communication in violation of 47 U.S.C. § 223(a)(1)(C). The parties have expressly waived oral argument, and upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cope pleaded guilty and nolo contendere to multiple charges that he harassed his former girl-friend, Sarah K. Jackson, a nationally recognized high school teacher, by sending incriminating e-mail messages in her name. Cope sent the e-mail messages to Ms. Jackson's church minister, members of her Sunday school class, the principal of the high school where she taught, the superintendent of her school system, and others. The messages, which seemed to be from Ms. Jackson and her ex-husband, indicated that she had been having sexual relationships with her students.

Prior to sentencing, Cope objected to the proposed "vulnerable victim" and ob-

struction of justice enhancements, the lack of any reduction for acceptance of responsibility, and the district court's failure to group the counts under USSG § 3D1.2. The district court addressed Cope's objections and overruled them. Accordingly, the district court sentenced Cope to twenty-four months of imprisonment to be followed by three years of supervised release, fined him $1,300.00, and ordered him to pay $2,100.00 in restitution.

In his timely appeal, Cope reasserts the claims that he set forth in the district court.

In reviewing a challenge to a sentence, this court reviews a district court's factual findings for clear error, duly defers to the district court's application of the guidelines to those facts, and reviews the district court's legal conclusions de novo. *United States v. Curly*, 167 F.3d 316, 318 (6th Cir.1999). A factual finding is clearly erroneous when a reviewing court is left with the definite and firm conviction that a mistake has been made. *United States v. Ables*, 167 F.3d 1021, 1035 (6th Cir.), *cert. denied*, 527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999). A district court's factual findings for sentencing purposes need only be supported by a preponderance of the evidence. *United States v. Smith*, 39 F.3d 119, 122 (6th Cir.1994).

Upon review, we conclude that the district court properly determined that several of Cope's victims constituted vulnerable victims. *See* USSG § 3A1.1(b)(1). Cope argues that Sarah Jackson was the only victim and that the vulnerable victim enhancement applies only if the victim is a victim of the offense of conviction. Whether victims are vulnerable is a factual finding subject to review for clear error. *United States v. Salyer*, 893 F.2d 113, 116–17 (6th Cir.1989). Since 1997, the Guidelines Manual has specified that a "victim" for purposes of USSG § 3A1.1 includes

either a victim of the "offense of conviction" or a victim of "relevant conduct" under USSG § 1B1.1(b). Section 3A1.1(b)(1) of the Guidelines Manual provides that if the defendant knew or should have known that a victim of the offense was a vulnerable victim, the calculation is increased by 2 levels. USSG § 3A1.1(b)(1). A "vulnerable victim" is a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. USSG § 3A1.1, comment. (n.2).

As part of his scheme for revenge against his ex-girlfriend, Cope impersonated Ms. Jackson's ex-husband (Kirk Jackson). Kirk Jackson was terminally ill with the HIV virus, and Cope referred to Mr. Jackson's illness in his e-mail messages. Mr. Jackson's status as HIV positive satisfies the vulnerable victim classification. *United States v. Moskal,* 211 F.3d 1070, 1072–73 (8th Cir.2000). While impersonating Ms. Jackson, Cope published several messages in which he named two high school students as Ms. Jackson's current sexual partners. The juveniles' ages satisfy the vulnerable victim classification. Ms. Jackson's fourteen-year-old son also qualifies as a vulnerable victim because of his age, because of his proximity to his mother, and because he was forced to watch his mother suffer from Cope's scheme. The district court's factual findings with respect to the vulnerable victims are not clearly erroneous. *See Salyer,* 893 F.2d at 116–17.

The district court properly enhanced Cope's sentencing calculation for obstructing justice. While this court reviews for clear error the district court's factual findings underlying an obstruction of justice

enhancement, the district court's determination that the facts constitute an obstruction of justice is reviewed de novo. *United States v. Mise,* 240 F.3d 527, 530–31 (6th Cir.2001) (citing *United States v. McDonald,* 165 F.3d 1032, 1034–35 (6th Cir. 1999)).

"[T]hreatening, intimidating, or otherwise unlawfully influencing a ... witness ..., directly or indirectly, or attempting to do so," constitutes an obstruction of justice. USSG § 3C1.1, comment. (n.4(a)). In this case, Cope left nude pictures of Ms. Jackson at her father's home in an effort to intimidate her and influence her not to provide evidence against him. Moreover, Cope was convicted in a companion case for his role in the January 22, 1999, shooting that occurred at Ms. Jackson's residence and the subsequent murder for hire scheme involving Ms. Jackson. That shooting was obviously designed to intimidate Ms. Jackson from participating in the prosecution of this case and thus justifies the enhancement. *See United States v. Duarte,* 28 F.3d 47, 48–49 (7th Cir.1994).

In light of the foregoing conduct, the district court did not err in refusing to grant Cope a reduction for acceptance of responsibility. Cope claims that his guilty and nolo contendere pleas should have entitled him to such a reduction. A defendant has the burden of demonstrating that he is entitled to a reduction of his base offense level for acceptance of responsibility under USSG § 3E1.1. *United States v. Walker,* 182 F.3d 485, 487 (6th Cir.1999). Cope has clearly failed to demonstrate that he is entitled to a reduction.

Finally, we conclude that the district court properly applied a sentencing adjustment under USSG § 3D1.4. Cope argues that the district court should have grouped the counts of his conviction under § 3D1.2 rather than apply a five-level multiple count adjustment under § 3D1.4. Cope ar-

gues that the counts of conviction should have been grouped under USSG § 3D1.2 because his conduct involved the same act and, in essence, the same victim—Ms. Jackson. This court reviews de novo a district court's refusal to group offenses under the sentencing guidelines. *United States v. Williams,* 154 F.3d 655, 656 (6th Cir.1998).

Application Note 6 to § 3D1.2 provides that counts involving offenses to which different guidelines apply are grouped together under subsection (d) if the offenses are of the same general type and otherwise meet the criteria for grouping under this subsection. Application Note 8 to the same guideline further indicates that a primary consideration when applying § 3D1.2 grouping principles is whether the offenses involved different victims. Application Note 8 reads in relevant part: "[c]ases involving injury to distinct victims are sufficiently comparable, whether or not the injuries are inflicted in distinct transactions, so that each count should be treated separately rather than grouped together."

In the instant case, Cope's e-mail messages harmed multiple victims. Cope was convicted of thirteen counts of sending harassing communications with the intent to annoy or harass. The thirteen messages were sent to nine different victims. The applicable guideline of each count was § 2A6.1. Section 2A6.1 offenses are specifically excluded from grouping under § 3D1.2(d). Thus, the district court properly refused to group Cope's offenses under § 3D1.2 and properly applied a sentencing adjustment under USSG § 3D1.4.

Accordingly, we hereby affirm the district court's judgment.