UNITED STATES of America, Plaintiff–Appellee,

v.

Kevin McKINLEY, Seamus Moley, Joseph McColgan, Defendants–Appellants.

No. 91–5514.

United States Court of Appeals, Eleventh Circuit.

July 16, 1993.

---

Fred Haddad, Fort Lauderdale, FL, for McKinley.

Stephen J. Bronis, Miami, FL, for McColgan.

Bruce A. Zimet, P.A., Ft. Lauderdale, FL, for Moley.

Dexter Lehtinen, U.S. Atty., Frank H. Tamen, U.S. Attorney's Office, Linda Collins Hertz, Dawn Bowen, Miami, FL, for U.S.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and KING *, Senior District Judge.

COX, Circuit Judge:

Defendants Kevin McKinley, Seamus Moley and Joseph McColgan were convicted of

* Honorable James Lawrence King, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

conspiring to export unlawfully a Stinger missile and other weapons to Northern Ireland. We affirm their convictions.

Count I of the indictment charged the defendants with conspiring to commit more than one offense. It alleged that the defendants conspired to transport and receive a Stinger missile with the intent that it be used to injure persons and property (in violation of 18 U.S.C. § 844(d)) and to export the missile and other weapons without the required licenses (in violation of 22 U.S.C. § 2778). The jury's general verdict finding the defendants guilty on Count I did not specify which of these offenses were objects of the conspiracy. The court sentenced the defendants according to the offense guideline for violations of 22 U.S.C. § 2778, the Arms Export Control Act. The defendants, however, objected at sentencing and maintain on appeal that the Government did not prove at trial that the defendants had the requisite intent to violate the licensing provisions of the Arms Export Control Act and that the jury, therefore, could not have determined that the defendants conspired to violate the Arms Export Control Act. They argue that the sentencing court should not have used the offense guideline for violations of 22 U.S.C. § 2778. Instead, the court should have sentenced the defendants according to the offense guideline for violations of 18 U.S.C. § 844(d), the other object offense charged in the indictment.

We address this question: When defendants are convicted on a count charging a conspiracy to commit more than one offense, but the jury's verdict does not specify which of those offenses the defendants conspired to commit, which offense guideline applies at sentencing? The Sentencing Guidelines answer this question in § 1B1.2(d), its accompanying commentary and the grouping rules of Chapter 3, Part D. *See* United States Sentencing Commission, *Guidelines Manual*, § 1B1.2(d) & comment. (n.5) (Nov. 1990).[1] Because there is nothing in the record to indicate that the district court made findings

in accordance with these provisions, we vacate the sentences and remand for resentencing.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

We summarize here only those facts relevant to the issues we address in this opinion.

In January 1990, a federal grand jury in the Southern District of Florida indicted Kevin McKinley, Seamus Moley and Joseph McColgan. Count I of the indictment charged a multiple-object conspiracy, listing as the conspiracy's objects two violations of 18 U.S.C. § 844(d) (the transporting and receiving statute) and two violations of 22 U.S.C. § 2778 (the Arms Export Control Act). It charged the defendants with conspiring (1) to attempt to receive in interstate commerce a Stinger missile with the knowledge and intent that the missile would be used to kill or injure individuals and unlawfully damage and destroy vehicles and personal property in violation of 18 U.S.C. § 844(d); (2) to attempt to transport in foreign commerce a Stinger missile in violation of 18 U.S.C. § 844(d); (3) to knowingly and willfully export a Stinger missile without applying for and obtaining the required license from the State Department in violation of 22 U.S.C. § 2778; and (4) to knowingly and willfully export other listed defense articles without applying for and obtaining the required licenses from the State Department in violation of 22 U.S.C. § 2778. Counts II, III and IV charged substantive violations of 18 U.S.C. § 844(d) and 22 U.S.C. § 2778. Count V charged a conspiracy to destroy aircraft belonging to the United Kingdom, a country with which the United States is at peace, in violation of 18 U.S.C. § 956.

Judge Jose A. Gonzalez presided at trial. The Government's first witness chronicled the history of the political and religious struggle in Northern Ireland. Then, two federal agents testified that they had negotiated with the defendants for the sale of a

---

1. The presentence reports in this case were prepared on January 23, 1991; the defendants were sentenced on June 7, 1991. We cite the version of the Guidelines in effect at the time of sentencing, i.e., those effective November 1, 1990. The

provisions and commentary quoted in this opinion have not changed substantially since that time. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 1992).

Stinger missile and other munitions for export to Northern Ireland. The agents testified that during meetings with the defendants, the defendants had indicated that they were associated with the Irish Republican Army and that they sought a Stinger missile for use against British helicopters in Northern Ireland. The Government introduced numerous audio and video tapes of these meetings and introduced evidence showing that the defendants had neither applied for nor obtained a State Department license for the export of these weapons.

At the close of the Government's evidence, the defendants made Rule 29 motions for a judgment of acquittal on all counts. As to Count I (the multiple-object conspiracy) and Count III (attempt to violate the licensing requirements of 22 U.S.C. § 2778), the defendants argued that the evidence was not sufficient to support a conviction for willfully violating or for conspiring to willfully violate the licensing requirements of the Arms Export Control Act. In particular, they argued that the Government had not proven that the defendants knew of the licensing requirements and that they then conspired to export the weapons without the appropriate licenses. Quoting *United States v. Adames*, 878 F.2d 1374, 1377 n. 1 (11th Cir.1989), defendant McColgan's attorney insisted that the Government must produce evidence sufficient to establish that the defendants " 'agreed to export the firearms without the requisite licensing despite knowledge that such exportation was unlawful.' " (R.22 at 36). The court denied the motions for judgment of acquittal.

At the close of all the evidence, the defendants again made Rule 29 motions for a judgment of acquittal, adopting the arguments they had made in support of their motions at the close of the Government's case. Again, the court denied the motions.

The defendants then requested a special verdict form. They asked the court to require the jury to specify which of the four object offenses the defendants had conspired to commit. The court denied the motion and submitted the case to the jury with a general verdict form.

After deliberating for several days, the jury found the defendants guilty of the multiple-object conspiracy charged in Count I and guilty of the attempt to violate 18 U.S.C. § 844(d) charged in Count II. The jury returned a verdict of not guilty as to all other counts. The defendants filed motions for a new trial, reiterating the arguments they had made in support of their motions for judgment of acquittal.

The probation officer prepared and filed a presentence investigation report (PSI) for each defendant. The offense level computation was the same for all defendants.[2] In the PSIs, the probation officer noted that Count I charged a conspiracy with four objects. Citing Application Note 9 to § 3D1.2 of the Sentencing Guidelines, the probation officer treated Count I "as if it were four counts, each charging conspiracy to commit one of the substantive offenses." (PSI at ¶ 56). Two of the objects involved violations of the transporting and receiving statute and two involved violations of the Arms Export Control Act. Section 2K1.6 of the Guidelines provides a base level of 18 for transporting or receiving explosives with felonious intent. Section 2M5.2 provides a base level of 22 for the exportation of arms without the required export licenses. The probation officer grouped these offenses together pursuant to § 3D1.2(b) and assigned a base offense level of 22, concluding that 22 U.S.C. § 2778 was the most serious of the offenses in the group. *See* U.S.S.G. § 3D1.2(a).

The defendants objected to the probation officer's use of a base offense level of 22. They argued that the evidence was insufficient to support a conviction for conspiracy to violate the Arms Export Control Act and that the offense level for violations of 22 U.S.C. § 2778 was therefore inappropriate to determine their sentences. They insisted that the base offense level of 18 for violations of the transporting and receiving statute was appropriate.

The defendants' sentencing hearing was conducted in two parts and before two judges. The first portion of the defendants' sentencing hearing was held on February 22,

---

**2.** Our citations to "PSI" refer to identical language in all three of the PSIs in this case.

1991, before Judge Jose A. Gonzalez, who had presided over the defendants' trial. Judge Gonzalez found that the offense level for each defendant was 22, and that the guideline range was 41 to 51 months. He then overruled defense objections to the PSIs. Because the defendants complained that they had not had an opportunity to review and respond to the probation officer's second addendum to the PSIs, Judge Gonzalez agreed to proceed with their sentencing hearing at a later date.

The defendants had also moved to disqualify Judge Gonzalez as sentencing judge, because he had reviewed, in camera, information contained in a Foreign Intelligence Surveillance Act (FISA) intercept. They argued that Judge Gonzalez could not, without an appearance of bias, rule on the Government's request for an upward departure for national security reasons, because he had reviewed the FISA information and denied access to the defendants for national security reasons. Judge Gonzalez initially denied this motion at the defendants' sentencing hearing, but later reconsidered. In his order of April 23, 1991, Judge Gonzalez stated that information contained in the FISA material would not have been considered in imposing sentence, but he recused himself "lest any question be raised concerning the propriety of any sentence." (R.5–215). The case was reassigned to Judge Norman C. Roettger.

The sentencing hearing resumed before Judge Roettger on June 7, 1991. Judge Roettger noted at the outset of the hearing: "I did not hear the trial. I have no idea what the evidence in this case was other than what I have gleaned from my review of the presentence reports and I have read all of them." (R.25 at 3). He then stated that he would not revisit the rulings Judge Gonzalez previously had made in the case and noted that Judge Gonzalez had overruled all parties' objections to the PSIs. In pronouncing sentence, Judge Roettger stated that each defendant had a guideline offense level of 22 and sentenced them within the guideline range to a term of 51 months imprisonment.

Defendants appeal their convictions and sentences.

## II. ISSUES ON APPEAL

 In this opinion we address (1) the sufficiency of the evidence to support the defendants' convictions for a multiple-object conspiracy and (2) the appropriate method for determining the applicable offense guideline for a conviction on a count charging a conspiracy to commit more than one offense, when the jury's verdict does not establish which of those offenses were objects of the conspiracy.[3]

## III. CONTENTIONS OF THE PARTIES

The defendants challenge the court's denial of their motions for judgment of acquittal. They argue that the evidence was insufficient to support a conviction for conspiring to violate the Arms Export Control Act and that the evidence was insufficient to support a conviction for conspiring to violate the transporting and receiving statute.

They also challenge the sentencing court's use of the offense guideline for violations of the Arms Export Control Act. They maintain that the Government never proved that the defendants had the requisite intent to violate the licensing requirements of the Arms Export Control Act. They contend that the court should not, therefore, have sentenced them using the base offense level for a conspiracy with that object offense.

The Government responds that the evidence amply supports a conviction for conspiracy to violate both the licensing requirements of the Arms Export Control Act and the transporting and receiving statute. Therefore, the Government argues, the evidence also supports a sentence based on the

---

**3.** In addition to the issues discussed in this opinion, the defendants argue (1) that they were denied a jury selected from a fair cross-section of the community because the jury venire consisted only of jurors whose surnames began with the letters B, D, F and M; (2) that the trial court abused its discretion in excluding the testimony of a defense expert; (3) that the court erred in denying a motion for mistrial; (4) that the court erred in denying a requested jury instruction on entrapment; and (5) that the defendants were due a judgment of acquittal because they had established entrapment as a matter of law. We find none of these arguments persuasive.

offense guideline for conspiring to violate the Arms Export Control Act.

## IV. STANDARD OF REVIEW

 In reviewing the denial of a motion for judgment of acquittal based on the sufficiency of the evidence, we view the evidence in the light most favorable to the Government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Lopez,* 985 F.2d 520 (11th Cir.1993). We must affirm the convictions if any reasonable construction of the evidence allowed the jury to find the appellants guilty beyond a reasonable doubt. *United States v. Sasnett,* 925 F.2d 392, 396 (11th Cir.1991).

 We review de novo a district court's application of the appropriate sentencing guidelines. *United States v. Jennings,* 991 F.2d 725 (11th Cir.1993); *United States v. Kirkland,* 985 F.2d 535, 537 (11th Cir.1993).

## V. DISCUSSION

We begin by briefly addressing the defendants' challenge to the district court's denial of their motions for judgment of acquittal. This court has long held that " 'it has always been the law that where an indictment alleges a conspiracy to commit several offenses against the United States, the charge is sustained by adequate pleadings and proof of conspiracy to commit any one of the offenses.' " *United States v. Johnson,* 713 F.2d 633, 646 (11th Cir.1983) (quoting *United States v. James,* 528 F.2d 999, 1014 (5th Cir.), *cert. denied,* 429 U.S. 959, 97 S.Ct. 382, 50 L.Ed.2d 326 (1976)), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *see Griffin v. United States,* — U.S. —, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).

 Here, the defendants challenge the sufficiency of the evidence to support a conviction for conspiring to violate the transporting and receiving statute and the Arms Export Control Act. They argue that the evidence does not support a conviction for conspiring to violate the transporting and receiving statute (1) because the Government did not prove that the Stinger missile was an "explosive" within the meaning of the statute and (2) because the Government did not prove that the defendants' plan to use the Stinger missile to shoot down British helicopters in Ireland was unlawful. These arguments clearly lack merit.

Because the evidence supports a conviction for conspiring to transport and receive a Stinger missile with the intent that it be used to injure persons and property in violation of 18 U.S.C. § 844(d), we need not address the sufficiency of the evidence as to the Arms Export Control Act, the other object offense. We affirm the defendants' convictions.

 We next turn to the defendants' challenge to their sentences. They argue that the district court improperly sentenced them using the offense guideline for violations of 22 U.S.C. § 2778, the licensing provisions of the Arms Export Control Act.

Section 1B1.1 of the Sentencing Guidelines outlines the framework for calculating a guideline sentence. Subsection 1B1.1(a) states that as a first step the sentencing court must determine the applicable offense guideline section and refers the court to § 1B1.2. Section 1B1.2 then sets out the basic rules for selecting the appropriate offense guideline. Subsection 1B1.2(d) addresses the specific instance where (as here) the defendant has been convicted on a count charging a conspiracy to commit multiple object offenses. It provides: "A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G § 1B1.2(d). The commentary to Section 1B1.2(d) cautions:

> Particular care must be taken in applying subsection (d) because there are cases in which the jury's verdict does not establish which offense(s) was the object of the conspiracy. In such cases, subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense.

*Id.* comment. (n.5). If the court, applying these provisions, determines that the defendant conspired to commit multiple offenses, it

treats the conspiracy conviction as multiple counts of conviction and selects the appropriate offense guideline by reference to the grouping rules of Chapter 3, Part D of the Guidelines.

This court has discussed U.S.S.G § 1B1.2 only once before, affirming a district court's application of § 1B1.2(d) to a conviction for a conspiracy with three objects. *See United States v. Kimmons*, 965 F.2d 1001, 1007 (11th Cir.1992), *cert. denied, Kimmons v. United States*, — U.S. —, 113 S.Ct. 1065, 122 L.Ed.2d 370, *and cert. granted and judgment vacated, Small v. United States*, — U.S. —, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993). Judge Clark, concurring in part and dissenting in part, insisted (as we conclude here) that the district court must make findings under § 1B1.2 and its commentary according to a reasonable doubt standard. *See Kimmons*, 965 F.2d at 1012–1014 (Clark, J., concurring in part, dissenting in part). The majority opinion did not discuss the commentary to § 1B1.2, nor did it discuss what standard of proof the district court should use in making findings under § 1B1.2. *See id.* In light of the Supreme Court's recent admonitions in *Stinson v. United States*, — U.S. —, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), we give particular attention to the commentary to § 1B1.2.[4]

Notably absent from the PSIs and from the court's findings is any mention of U.S.S.G § 1B1.2 and its accompanying commentary. Yet, that section clearly applies here. Section 1B1.2(d) instructs the court on how to select an offense level for a "conviction on a count charging a conspiracy to commit more than one offense," and Application Note 5 in the commentary provides further instruction where "the jury's verdict does not establish which offense(s) was the object of the conspiracy." Here, all three defendants were convicted on a count charging a conspiracy to commit two violations of 18 U.S.C. § 844(d) and two violations of 22 U.S.C. § 2778. The jury's verdict did not establish which of these four offenses were objects of the conspiracy.

In such a case, the commentary to § 1B1.2 states that the conviction for the conspiracy should be treated as if the defendant had been convicted of the underlying object offense only if "the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that offense." U.S.S.G. § 1B1.2 comment. (n.5). The sentencing court makes this determination acting as if "it were sitting as a trier of fact," which is to say that the court must find beyond a reasonable doubt that the defendant conspired to commit the particular object offense. *See United States v. Macklin*, 927 F.2d 1272, 1280 (2d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991) (noting that the commentary to § 1B1.2(d) "applies the higher standard of reasonable doubt to a special class of conspiracy cases"). Indeed, the Sentencing Commission, when it added this commentary in 1989, specifically said that "this decision should be governed by a reasonable doubt standard." U.S.S.G.App. C. amend. 75.

Nothing in this record indicates that the court either explicitly or implicitly found beyond a reasonable doubt that the defendants conspired to export the Stinger missile and other weapons in violation of the Arms Export Control Act. Neither judge made any specific findings in response to the defendants' objections that they could not be sentenced according to the base offense level for violations of the Arms Export Control Act. In fact, the judge pronouncing sentence acknowledged that he was not familiar with the evidence in this case.

Under these circumstances, we cannot say that the sentences in this case were properly calculated and imposed. We, therefore, vacate the sentences and remand for appropriate factual findings and resentencing.

## VI. CONCLUSION

We AFFIRM the convictions of all three defendants. We VACATE their sentences and REMAND for resentencing consistent with this opinion.

---

**4.** In *Stinson*, the Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsis-

tent with, or a plainly erroneous reading of, that guideline." *Stinson*, — U.S. at —, 113 S.Ct. at 1915.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.