[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/23/99
THOMAS  K. KAHN
CLERK

_____

No. 98-4802
Non-Argument Calendar

_____

D. C. Docket No. 94-6213-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DIGIORGIO,
MATTHEW NOCERINO
a.k.a. Mattie,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 23, 1999)**
(As Amended 10/29/99)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellants John DiGiorgio and Matthew Nocerino appeal their sentences for conspiracy to engage in racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count 1), and engaging in violent crimes in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (Count 6).[1] Appellants assert the district court erred at sentencing by (1) sentencing them under the kidnapping guideline, (2) applying an enhancement based upon a ransom demand, and (3) refusing to adjust the sentence downward because the conspiracy was incomplete. Appellant DiGiorgio also claims the court erred in failing to grant him a reduction for acceptance of responsibility. We hold that "ransom" as that term is used in the Sentencing Guidelines includes a demand for money the kidnappers believe is owed them and therefore affirm the district court's application of the six-level enhancement under U.S.S.G. § 2A4.1(b)(1). In addition, we find no other sentencing error and therefore affirm.

## I. BACKGROUND

In November 1994, Stephen Cavano and several of his associates were arrested during a drug sting operation. While in jail, the group identified Hugo Catano as a potential Government witness. From jail, Cavano sought to force Catano to pay

---

[1] Appellant Nocernio also appeals his convictions, arguing they should be overturned because (1) the district court erred in denying his motion for severance, (2) the evidence was insufficient to support his conviction, (3) the district court erred in denying his motion for a mistrial based upon prosecutorial misconduct, and (4) the district court erred in denying his motion for a new trial without an evidentiary hearing. We affirm his convictions without discussion. *See* 11th Cir. R. 36-1.

$220,000 Cavano believed Catano owed him, to reveal the names of other Government witnesses, and to file a false affidavit regarding the charges against Cavano and his associates. In a series of telephone calls recorded between November 29, 1994, and December 4, 1994, Cavano discussed his plans regarding Catano with Appellants DiGiorgio and Nocerino and his ex-wife, Suzanne Gordon.

In one conversation between Cavano and Gordon, Cavano told her he was desperately trying to reach DiGiorgio and Nocerino because he heard Catano was leaving the country. Cavano told Gordon to "tell Mattie [Nocerino] he's got to grab [Catano] and hold him." In another call, Cavano tells DiGiorgio "what I need is I need help to grab them, grab this kid. This kid, regardless of anything else, or regardless of the position I am in right now, owes me and us, two hundred twenty thousand dollars. He, I do not want him to leave this country until that . . . money is paid and he straightens this out. . . . I can give you a phone number where the, where, where we can work this out, but they must grab him . . . and prevent him from leaving."

At DiGiorgio's sentencing, the Government and defense attorneys agreed that the jury's verdict was ambiguous as to what acts of racketeering the jury relied upon in reaching its guilty verdicts. The parties agreed, applying *United States v. Ross*, 131 F.3d 970, 994 (11th Cir. 1997), *cert denied*, 119 S. Ct. 258 (1998), that the court should determine which acts were proven for sentencing purposes. The district court

3

determined that while the Government had not proven beyond a reasonable doubt that DiGiorgio conspired to murder, it had proven beyond a reasonable doubt that DiGiorgio conspired to kidnap Catano. The court therefore sentenced DiGiorgio under the Sentencing Guideline for kidnapping, U.S.S.G. § 2A4.1.

In addition, the court found DiGiorgio intended to demand a ransom from Catano, and therefore assessed a six-level enhancement under U.S.S.G. § 2A4.1(b)(1). The Court rejected DiGiorgio's argument that he was entitled to a three-level reduction because he had not completed all acts necessary to commit the crime, pursuant to U.S.S.G. § 2X1.1(b)(2), and rejected DiGiorgio's request for a reduction for acceptance of responsibility.

At Nocerino's sentencing, the court granted Nocerino's motion to adopt DiGiorgio's sentencing arguments. As it did for DiGiorgio, the court found the Government had not proven beyond a reasonable doubt that Nocerino had conspired to murder, but had proven beyond a reasonable doubt that Nocerino conspired to kidnap Catano for ransom. The court therefore sentenced Nocerino under U.S.S.G. § 2A4.1, and applied the six-level ransom enhancement of § 2A4.1(b)(1).

## II. DISCUSSION

The district court properly sentenced Appellants under the kidnapping guideline, U.S.S.G. § 2A4.1. Under both racketeering guidelines applicable to the

offenses of conviction, the court is instructed to apply the greater of a given base offense level or "the offense level applicable to the underlying crime or racketeering activity." U.S.S.G. § 2E1.1(a)(2) (Guideline applicable to 18 U.S.C. § 1962 conviction), § 2E3.1(a)(2) (Guideline applicable to 18 U.S.C. § 1959 conviction). Because the jury's general verdict did not indicate which of the charged predicate acts it believed Appellants had committed, the district court was required to "find beyond a reasonable doubt that the defendant conspired to commit [a] particular object offense" and sentence Appellants accordingly. *Ross*, 131 F.3d at 994 (quoting *United States v. McKinley*, 995 F.2d 1020, 1026 (11th Cir. 1993).

Here, the district court found beyond a reasonable doubt that Appellants were guilty of conspiracy to commit kidnapping as charged in Counts 1 and 6 of the indictment.[2] Reviewing the sentencing court's factual determinations for clear error, *United States v. Howard*, 923 F.2d 1500, 1503 (11th Cir. 1991), we find the court did not clearly err in making such a finding based on the evidence presented at trial. Given the district court's factual findings, we conclude the court did not err in applying the kidnapping guideline.

---

[2] We note the district court declined to find beyond a reasonable doubt that Appellants were guilty of conspiracy to murder as charged in Counts 1 and 6 of the indictment. Had the court made such a finding, Appellants would have been sentenced under the guidelines for murder, and their sentences would have undoubtedly been greater.

Moreover, the district court correctly applied the six-level enhancement for a ransom demand found in U.S.S.G. § 2A4.1(b)(1). This appeal raises the issue of whether the definition of "ransom" as used by the Sentencing Guidelines includes money the kidnapper believes is owed to him by the victim. We conclude that it does. Although "ransom" is not defined by the Guidelines, we are bound to give the term its ordinary meaning. *United States v. Rutkowski*, 814 F.2d 594, 599 (11th Cir. 1987). *Black's Law Dictionary* defines ransom as "[t]he money, price, or consideration paid or demanded for redemption of a kidnapped person or persons; a payment that releases from captivity." *Black's Law Dictionary* 1260 (6th ed. 1990). Nothing in that definition excludes previously-owed money from qualifying as the "payment that releases from captivity." The only other circuit to directly address this issue agrees. *See United States v. Escobar-Posado*, 112 F.3d 82, 83 (2d Cir. 1997) (expressly holding that a prior debt can be considered a ransom demand).[3]

---

[3] Appellants' final contentions are easily rejected. The district court was not required to adjust the sentence downward because the conspiracy was incomplete where, as here, the court found "but for apprehension or interruption by some similar event beyond [their] control" Appellants would have completed the acts necessary to carry out the conspiracy. U.S.S.G. § 2X1.1(b)(2). DiGiorgio's contention that the district court erred in failing to give him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 is negated by this Court's affirmance of the district court's determination that the Government proved the conspiracy to kidnap Catano beyond a reasonable doubt.

## III. CONCLUSION

Appellants were correctly sentenced under the kidnapping guideline. In addition, the six-level enhancement for a ransom demand was appropriate since Appellants intended to kidnap their victim to force him to pay a debt owed.

AFFIRMED.