[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-9334

_____

D. C. Docket No. 96-00161-1-CR-2-CC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 06, 2001
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAM TRAN NGUYEN,
BINH HOA LE, a.k.a. "Binh Ba," et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(July 6, 2001)**

Before BLACK, RONEY and COX, Circuit Judges.

COX, Circuit Judge:

The grand jury for the Northern District of Georgia returned a twenty-nine count indictment against Tam Tran Nguyen, Binh Hoa Le, Be Van Le, Thang Doan, Quoc Thai Minh Thuy, Son Van Pham and twenty other defendants. The indictment alleges, inter alia, that the defendants operated an interstate racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and conspired to do the same in violation of 18 U.S.C. § 1962(d).[1] The defendants, all young men born in Vietnam, are alleged to have committed fifty predicate acts in furtherance of the racketeering enterprise, including multiple acts of murder, attempted murder, theft, extortion, home-invasion robbery, and kidnapping.

Ten of the defendants proceeded to trial. After the close of a more than three-month trial and nearly two months of deliberation, the jury found that a racketeering enterprise had existed and that all of the defendants had been associated with the enterprise. The jury also found that the defendants had committed some of the alleged

---

[1] The indictment also alleges that the defendants conspired to take property consisting of jewelry and United States currency by actual and threatened force in violation of 18 U.S.C. § 1951(a) and committed twenty-four acts of business extortion in violation of 18 U.S.C. § 1951(a) and 2. The indictment's penultimate count alleges that defendants Tam Tran Nguyen and Binh Hoa Le, along with four others, obtained United States currency from an auto repair shop in contravention of 18 U.S.C. § 1951(a) and 2. The final count of the indictment alleges that Nguyen and Hoa Le knowingly used a firearm in the commission of the auto repair shop robbery in violation of 18 U.S.C. § 924(c)(1) and (2).

predicate acts, but, acquitted the defendants or failed to reach a verdict on other acts.[2]

All of the defendants who are parties to this appeal were convicted on the RICO conspiracy count. Nguyen was also convicted on the substantive RICO count.

The United States Sentencing Commission Guidelines Manual (the "Guidelines") provides that a defendant's sentencing level for a RICO violation should be the greater of nineteen or the "offense level applicable to the underlying racketeering activity." United States Sentencing Commission, *Guidelines Manual*, § 2E1.1 (Nov. 1997). In determining the predicate acts for which each defendant should be held responsible, the court relied both on conduct that the jury had found the defendant had committed and conduct the court concluded that the defendant had committed. The court determined that the correct standard it should apply was whether a preponderance of the evidence presented at trial supported a finding that the defendant should be held accountable for the conduct. Because the defendants objected to the application of the preponderance standard, the court made findings

---

[2]    The indictment alleges that Nguyen committed thirty-three predicate acts in furtherance of the enterprise. The jury found that Nguyen committed two of the charged acts, extortion and kidnapping. Of the nineteen acts Be Van Le is alleged to have committed, the jury found he committed two, both of which were robberies. Hoa Le is alleged to have committed twenty-six predicate acts. The jury found he committed two, attempted kidnapping and conspiracy. The indictment alleges that Thang Doan committed thirteen predicate acts. The jury found he committed four: kidnapping, attempted murder, and two acts of conspiracy. Of the six predicate acts Quoc Thai Minh Thuy is alleged to have committed, the jury found him responsible for two, kidnapping and conspiracy. Son Van Pham is alleged to have committed eleven predicate acts. The jury, however, failed to find that he committed any of them.

3

using the reasonable doubt standard where it found the Government had met the higher standard of proof.

Once the court had determined the predicate acts attributable to each defendant, it applied the so-called "grouping rules" of § 3D1.1 of the Guidelines to further enhance the defendants' offense levels. The grouping rules are designed to "prevent multiple punishment for substantially identical offense conduct" by placing multiple counts that are closely related into groups.[3] U.S.S.G. Ch.3, Pt.D, intro. comment. Where the grouped counts were connected by a common objective or were part of common scheme or plan, each group is then assigned an offense level that is equal to the offense level of the most serious count in the group. *See* U.S.S.G. § 3D1.3(a). A defendant's offense level will thereafter be adjusted upward, depending on the extent and severity of the defendant's remaining conduct. *See* U.S.S.G. § 3D1.4. This "combined offense level" will then be used to calculate the defendant's proper sentence. U.S.S.G. § 3D1.5. In the instant case, the district court grouped together the underlying acts of the RICO enterprise, including both acts that the jury found each defendant committed and acts for which the court found the defendant should be held responsible. The court thereafter determined each defendant's combined offense

---

[3] The Guidelines require that "counts involving substantially the same harm" be grouped together. United States Sentencing Commission, *Guidelines Manual*, § 3D1.2 (Nov. 1997).

4

level. The defendants objected to the application of the grouping rules to RICO predicate acts.[4]

After determining the conduct attributable to each defendant and applying the grouping rules, the district court sentenced the defendants. Nguyen was sentenced to concurrent life sentences on both the substantive RICO count and the RICO conspiracy count. Van Le was also sentenced to life imprisonment for the RICO conspiracy count. The court sentenced Hoa Le to 364 months, Doan to 320 months, Thuy to 200 months, and Pham to 312 months on their conspiracy convictions. The court further ordered that the defendants be deported after they had served their sentences. The court both directly ordered the deportations and alternatively ordered that the defendants be turned over to the INS for appropriate deportation proceedings as a condition of supervised release. The defendants appeal both their convictions and their sentences.

*Issues on Appeal*

The defendants raise multiple issues involving the conduct of the trial. After carefully considering the issues, however, we conclude that all but one of these

---

[4] Although some of the defendants failed to raise an objection during their sentencing hearings, the Government has conceded that the district court agreed to treat every objection made at trial or sentencing as if it were made on behalf of all the defendants.

arguments may be rejected without further discussion.[5] We will discuss a single issue raised in relation to the defendants' convictions (the jury instruction issue) as well as all issues involving the defendants' sentences. The defendants argue that: (1) the district court erred in refusing to instruct the jury on the lesser included offenses of the RICO predicate acts alleged; (2) the court erred in enhancing their sentences using predicate acts that the court found using the preponderance of the evidence standard; (3) the court erred in enhancing their sentences beyond RICO's statutory maximum by using conduct that the jury failed to find they committed; (4) the court erred in applying the multiple count section of the Guidelines when calculating the defendants' offense levels; (5) the court erred in not characterizing Thuy as a minor participant in the RICO enterprise; and (6) the court erred in ordering the defendants deported. We will address each of these arguments in turn.

*Discussion*

---

[5]    We conclude that the following arguments challenging the defendants' convictions are without merit: (1) the district court erred in admitting in-court identifications that were tainted by unduly suggestive photo arrays; (2) the court abused its discretion in excluding the testimony of an expert witness on the unreliability of eyewitness identification and the use of photographic arrays by law enforcement; (3) the court abused its discretion in excusing a juror who stated she no longer could be impartial in her deliberations instead of granting a mistrial; (4) the court erred in denying motions for a mistrial after government witnesses testified that several of the defendants were in custody prior to trial; (5) the court abused its discretion in denying the defendants an opportunity to cross examine government witnesses about illegal businesses they may have been operating; (6) the court abused its discretion in denying Hoa Le's motion for a severance; and (7) the court erred in denying Thuy's motion for acquittal based on insufficiency of the evidence.

6

The defendants argue that the district court erred in refusing to instruct the jury on the lesser included offenses of certain RICO predicate acts that are state law offenses. For example, Thuy requested a jury charge on the crime of false imprisonment, which is a lesser included offense of kidnapping under Georgia law. The defendants maintain that it was an abuse of discretion to refrain from giving the instructions when the facts at trial would have permitted a rational jury to find that the defendants committed the lesser included offenses. The Government argues, in response, that an instruction about a lesser included offense is meaningless in the RICO context because a RICO conviction cannot stand unless the Government has proven the underlying predicate acts beyond a reasonable doubt. We review a court's refusal to instruct the jury on a lesser included offense for abuse of discretion. *See United States v. Cornillie*, 92 F.3d 1108, 1109 (11th Cir. 1996).

Whether a trial court is obligated to instruct a jury on the lesser included offenses of RICO predicate acts is a question yet to be addressed by this circuit. The Third Circuit addressed the issue in *United States v. Forsythe*, 594 F.2d 947 (3d Cir. 1979), and concluded that such instructions are simply not applicable in the RICO context. The defendants in *Forsythe*, all state magistrate judges responsible for fixing bail in criminal cases, were convicted of RICO violations for agreeing to receive kickbacks from a bail bond agency. *See Forsythe*, 594 F.2d at 948. One of the

7

defendants argued on appeal that the district court had erred in not permitting an instruction on a lesser included offense of the predicate act of bribery. *See id.* at 952.

The Third Circuit rejected this argument, reasoning that "the state law misdemeanor offense is *not* included in the RICO offense since, if the defendant is not guilty of a state law felony, he is guilty of no federal crime." *Id.* (emphasis in original). The Third Circuit further noted that the purpose of a lesser included offense instruction is to afford the defendant the opportunity to be found guilty of a crime that carries a lesser sentence than the charged offense. *See id.* A defendant cannot be convicted of either the state law felonies alleged as predicate acts or the lesser included offenses of those felonies when he is tried for a RICO violation in federal court. *See id.* The Third Circuit therefore concluded that a "charge respecting an offense of which the defendant could not be found guilty was not required." *Id.* We are persuaded by the reasoning of the Third Circuit and adopt it here. Accordingly, we conclude that the district court did not abuse its discretion in denying a jury instruction that would have permitted conviction on state law felonies alleged to be predicate acts.

The defendants next contend that the court erred in failing to apply the beyond a reasonable doubt standard in determining the predicate acts that formed the bases of their sentences on the RICO conspiracy count. They argue that the law of this

8

circuit required the district court to use only conduct of which the jury convicted them or conduct that the court found beyond a reasonable doubt that they committed. The Government argues that preponderance of the evidence is the correct standard. The Government also contends that, for every defendant except for Hoa Le, the district court found they committed the predicate act that controlled their sentences using the beyond a reasonable doubt standard. We review the court's interpretation of the Guidelines de novo. *See United States v. Pelaez*, 196 F.3d 1203, 1205 (11th Cir. 1999).

As noted above, the base offense level for a violation of the RICO statute is the greater of nineteen or "the offense level applicable to the underlying racketeering activity." U.S.S.G. § 2E1.1. The Guidelines further advise that, if there was more than one activity underlying a RICO violation, that the court should "treat each underlying offense as if contained in a separate count of conviction" to determine which predicate act, or group of acts, would lead to the greater offense level. U.S.S.G. § 2E1.1, comment. (n.1). In determining the proper base offense level for the defendants in the instant case, the district court relied on predicate acts that the jury had found the defendants committed, predicate acts that the court found beyond a reasonable doubt that the defendants had committed, and acts that the court found that the defendants had committed by a preponderance of the evidence. The defendants

9

maintain that the district court erred in relying on acts that it found they committed by a preponderance of the evidence when sentencing them on the RICO conspiracy charge. We agree.

In *United States v. McKinley*, 995 F.2d 1020 (11th Cir. 1993), we addressed the question of how a court should determine the appropriate offense level when a defendant is convicted of a multi-object conspiracy by a general verdict. The trial court in *McKinley* had refused a defense request for a special verdict that would specify which of the object offenses the defendants conspired to commit. *See McKinley*, 995 F.2d at 1023. The jury thereafter returned a general verdict finding the defendants guilty of conspiracy. *See id.* On appeal, we concluded that the commentary to the Guidelines made it clear that when a jury verdict is ambiguous as to the offenses that are the object of a conspiracy, the court must find that an offense was such an object using the reasonable doubt standard before the offense can be the basis for a defendant's sentence. *See id.* at 1026. We recently extended the *McKinley* rule to RICO conspiracies in *United States v. DiGiorgio,* 193 F.3d 1175 (11th Cir. 1999).[6] As in *McKinley*, the jury in *DiGiorgio* returned a general verdict finding the

---

[6] The district court relied on a case from the First Circuit, *United States v. Carrozza*, 4 F.3d 70 (1st Cir. 1993), in concluding that the *McKinley* rule should not apply to RICO conspiracies. *DiGiorgio* remains the law of this circuit and must be applied here. We stress, however, that *DiGiorgio* did not address the standard that a sentencing court must apply when a defendant is being sentenced for a substantive RICO violation.

10

defendants guilty of RICO conspiracy but not indicating which predicate acts the jury had found the defendants had committed. *See DiGiorgio*, 193 F.3d at 1177-78. Because the jury verdict was ambiguous as to which acts supported the conspiracy conviction, we held that the court properly based the defendants' offense level upon predicate acts that the court found the defendants had committed beyond a reasonable doubt. *See id.*

The jury verdicts in this case are similarly ambiguous. In order to be guilty of a RICO conspiracy, a defendant must either agree to commit two predicate acts or agree to participate in the conduct of the enterprise with the knowledge and intent that other members of the conspiracy would commit at least two predicate acts in furtherance of the enterprise. *See United States v. Carter*, 721 F.2d 1514, 1531 (11th Cir. 1984). The verdict form supplied to the jury in this case polled the jury on each predicate act the Government alleges that the defendants committed in furtherance of the RICO enterprise. The jury was instructed to find a defendant responsible for a predicate act if the defendant "knowingly and willfully committed, or knowingly and willfully aided and abetted the commission" of the act. (R.119 at 9992). The jury was not instructed, however, to find which predicate acts each defendant had agreed to commit or which acts each defendant knew and intended would be committed as part of the pattern of racketeering activity. Because the jury was not specifically polled

11

on the predicate acts underlying the RICO conspiracy count, the jury's verdict was necessarily ambiguous as to which predicate acts supported the guilty verdicts on the conspiracy count. The court was therefore required to determine the predicate acts underlying each defendant's conspiracy conviction using the reasonable doubt standard.[7]

The offense levels of two defendants, Hoa Le and Pham, were based on findings by the court using the preponderance standard.[8] Moreover, the court's application of the grouping rules to predicate acts it found using the preponderance standard led to Doan's offense level being increased by two levels, changing his guideline range from 188 to 235 months to 262 to 327 months imprisonment.[9] For this reason, the

---

[7]     As noted above, the jury found the defendants "not guilty" of many predicate acts. Because the jury was not instructed to find a defendant responsible for a predicate act if the defendant agreed to commit the act or if the defendant participated in the enterprise with the knowledge and intent that the predicate act would be committed, the jury's finding that a defendant did not commit a specific act did not foreclose the court's opportunity to hold the defendant responsible for the act when sentencing him on the conspiracy count.

[8]     The Government's assertion that Hoa Le was the only defendant whose offense level was based on conduct found using the preponderance standard is incorrect. The predicate act that controlled Pham's sentence was a felony murder resulting from a shooting at a billiards club. The jury did not find that Pham was responsible for this act. Instead, the district court found that Pham should be held responsible for the murder using the preponderance of the evidence standard. (R.122 at 31).

[9]     Once closely related counts have been grouped together, the Guidelines require a sentencing court to single out the group with the highest offense level. *See* U.S.S.G. § 3D1.4. That highest group is counted as one "unit." *See* U.S.S.G. § 3D1.4(a). The court is then required to assign one unit to each of the other groups that carries an offense level equal to or from one to four levels lower than the highest group. *See id.* Groups that are five to eight levels less serious than the highest group are counted as one-half units and those groups nine or more levels below the highest group are disregarded. *See* U.S.S.G. § 3D1.4(b) and (c). Once the court has added

sentences of defendants Hoa Le, Pham and Doan must be vacated. The court's use of offenses that it found using the preponderance standard did not affect Thuy or Be Van Le's offense levels. Nguyen's offense level was enhanced due to the grouping rules being applied to conduct found using the preponderance standard. However, even absent the enhancement, Nguyen would have received the statutory maximum on the RICO conspiracy charge. Therefore, any error was harmless in his case. *See* Fed. R. Crim. P. 52(a).

The defendants further argue that the recent Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) clearly indicates that a jury must find that a defendant committed a racketeering act carrying a potential life sentence before a court can impose a sentence of greater than twenty years for a RICO violation. Because the jury in the instant case failed to find that the defendants committed such a predicate act, the defendants contend that the court erred in sentencing them to terms longer than twenty years.[10] The Government has conceded

---

the units together, it computes the defendant's combined offense level using a table provided in the Guidelines manual. *See* U.S.S.G. § 3D1.4. The court's calculations of Doan's combined offense level included one unit that was the product of a preponderance finding. The removal of this unit would limit the increase in Doan's offense level to one level instead of three.

[10] As noted above, every defendant except for Thuy received sentences in excess of twenty years.

13

that the defendants preserved the *Apprendi* issue. We therefore will review the issue de novo. *See United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001).[11]

The *Apprendi* Court held that "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. The maximum penalty for either violating the RICO statute or conspiring to violate the statute is twenty years imprisonment unless the "violation is based on a racketeering activity for which the maximum penalty includes life imprisonment . . . ." 18 U.S.C. § 1963 (1999). The jury failed to find that any of the defendants had committed a predicate act that had a potential penalty of life imprisonment.[12] Therefore, the maximum penalty any of the defendants could have

---

[11] The Government also conceded at oral argument that the sentences of at least some of the defendants did not comply with the *Apprendi* standard and therefore must be vacated.

[12] The jury found that Nguyen had committed two of the charged predicate acts, extortion and kidnapping. The maximum penalties for the Georgia state law crimes of extortion and kidnapping are ten years and twenty years imprisonment, respectively. *See* O.C.G.A. §§ 16-8-16(d) and § 16-5-40(b) (1999). Georgia law does provide for a mandatory sentence of life imprisonment or the death penalty for the offense of kidnapping if the defendant demanded a ransom or the kidnapping victim received bodily injury. *See* O.C.G.A. § 16-5-40(b). The jury in the instant case did not make a specific finding as to whether a ransom was demanded or the victim suffered bodily injury in any of the alleged acts of kidnapping. Therefore, the potential sentence for the Georgia kidnapping offenses would be twenty years. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). The acts that the jury found Hoa Le had committed, attempted kidnapping and conspiracy, both had maximum sentences of ten years. *See* O.C.G.A. §§ 16-5-40(b), 16-4-6(b) and 16-4-8. The maximum sentence for the inchoate crime of attempt in Georgia is either one-half of the potential sentence of the crime attempted or ten years if the attempted crime was punishable by death or life imprisonment. *See* O.C.G.A. §

14

received on each RICO count was twenty years. Because defendants Hoa Le, Van Le, Doan, and Pham were sentenced to terms of greater than twenty years on the conspiracy count, their sentences must be vacated.[13] Nguyen's sentences must similarly be vacated because they exceeded forty years, the combined maximum sentences of the substantive count and the conspiracy count. *See United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) (concluding that a sentence that did not exceed the aggregate statutory maximum of multiple counts of conviction had no effect on substantial rights). On remand, the court must sentence defendants Hoa Le, Van Le, Doan and Pham to no more than 240 months and Nguyen to no more than 480 months imprisonment.

---

16-4-6(a) and (b). The penalties for conspiracy are identical. *See* O.C.G.A. § 16-4-8. The jury found that Hoa Le had attempted to commit one kidnapping and conspired to commit another. If convicted of the crime of kidnapping, Hoa Le could have received a maximum sentence of twenty years. *See* O.C.G.A. § 16-5-40(b). Accordingly, his maximum sentence for the crimes of conspiracy or attempt would have been ten years. The jury found that Van Le committed two of the alleged predicate acts, conspiring to commit a home invasion robbery and robbery, which both carried maximum sentences of twenty years under Pennsylvania law. *See* 18 Pa. Cons. Stat. Ann. §§ 3701, 905(a) and 1103(1) (2000). The jury found that Doan had committed the predicate acts of kidnapping and attempted murder, as well as conspiracy to commit kidnapping and murder. The maximum terms of imprisonment for the predicate acts were ten years for each conspiracy charge, ten years on the kidnapping charge, and forty years on the attempted murder charge. *See* O.C.G.A. § 16-4-8; Ohio Rev. Code Ann. §§ 2905.01 and 2929.14(A)(1) (2000); 18 Pa. Cons. Stat. Ann. § 1102(c). The jury found that Thuy had committed the predicate acts of conspiring to commit kidnapping and kidnapping. The maximum sentences for each of these crimes would have been ten and twenty years, respectively. *See* O.C.G.A. §§ 16-4-8 and 16-5-40. As noted above, the jury failed to find that Pham had committed any predicate acts.

[13]    Because Thuy was not sentenced to a term exceeding the statutory maximum, his sentence does not run afoul of *Apprendi*.

The defendants also contend that the court erred in applying the Guidelines' grouping rules to enhance their sentences. They argue that the court improperly treated the RICO predicate acts as if they were separate counts of conviction and then combining them to establish each defendant's total offense level. The defendants maintain that the grouping rules apply only to counts of an indictment that result in convictions. The Government responds that the Guidelines require a sentencing court to apply the multiple count rules to RICO predicate acts.

As noted above, the offense level for a RICO offense is the greater of nineteen or the offense level of the underlying racketeering activity. *See* U.S.S.G. § 2E1.1. The Guidelines further provide that a sentencing court is to "treat each underlying offense as if contained in a separate count of conviction. . . ." U.S.S.G. § 2E1.1, comment. (n.1). To determine the offense level of the underlying conduct, the sentencing court must "apply Chapter Three, Parts A, B, C, and D" of the Guidelines. *Id.* Part D of Chapter Three includes the grouping provisions. *See* U.S.S.G. § 3D1.1. The plain language of the Guidelines therefore clearly indicates that a sentencing court *must* apply the grouping rules, where applicable, to determine a defendant's offense level for underlying racketeering conduct.

Hoa Le alternatively argues that, even if the Guidelines' multiple count rules can properly be applied to RICO predicate acts, the court erred in its application of the

16

rules in his sentencing. He contends that the district court erred in "prematurely" granting him a downward departure that reduced his offense level for the act of felony murder from forty-three to thirty-seven and thereafter applying the grouping rules. The application of the grouping rules resulted in his combined offense level rising back to forty-one. In Hoa Le's view, the proper method would have been for the court to apply the grouping rules to the original offense level and add any enhancements that would be the product of grouping before making a downward departure. We disagree. The first step in determining a sentence under the Guidelines is to determine the applicable offense guideline section. *See* U.S.S.G. § 1B1.1(a). Next, a sentencing court is instructed to "[d]etermine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions" of the appropriate offense guideline. U.S.S.G. § 1B1.1(b). After making such adjustments, a sentencing court must apply the grouping rules and determine the combined offense level. *See* U.S.S.G. § 1B1.1(d). The application notes of the murder guideline provide that a court may adjust the base offense level downward if "the defendant did not cause the death intentionally or knowingly . . . ." U.S.S.G. § 2A1.1, comment. (n.1). The court found that Hoa Le did not intentionally or knowingly cause the death and therefore departed six levels downward. The court then proceeded to apply the grouping rules. Because the court followed the procedure

17

established in Guidelines § 1B1.1, it did not err in first departing downward from the base offense level for murder and then applying the grouping rules to determine Hoa Le's combined offense level.

Thuy also challenges the court's refusal to grant him a two-point downward adjustment in his offense level because of his minor role in the RICO enterprise. He contends that the court improperly looked to his role in each of the predicate acts in which he is alleged to have taken part instead of his place in the overall racketeering conspiracy. It is clear from the record, however, that the court did make specific findings as to Thuy's role in the enterprise. The court found that, although Thuy may have been a member of the RICO enterprise for a short period compared to most of the other participants, he knew and understood the scope of the enterprise's activities. Thuy's knowledge of the operation, coupled with his conduct, led the court to conclude that his role in the enterprise was not so minor as to warrant a departure pursuant to § 3B1.2(b) of the Guidelines. A district court's finding that a defendant is not entitled to a minor role reduction will not be disturbed unless clearly erroneous. *See United States v. Houser*, 70 F.3d 87, 90 (11th Cir. 1995). After a careful review of the record, we conclude that the district court did not clearly err in finding that Thuy was not a minor participant in the enterprise.

Finally, the defendants argue that the district court erred in ordering them deported upon completion of their sentences. The district court's judgment both ordered that each defendant be "deported in accordance with the [INS] after service of his sentence" and, as a condition of the defendant's supervised release, ordered that he be turned over to the INS for "appropriate removal proceedings" pursuant to 18 U.S.C. § 3583(d). The defendants argue that the court did not have the statutory authority to order deportation as a condition of supervised release. They further contend that the deportation orders are also invalid because the Government failed to comply with the procedural prerequisites of 8 U.S.C. § 1228(c), the statute that permits a district court to order a defendant's deportation as part of a criminal sentence.

The law of this circuit was clear at the time of sentencing that district courts no longer had the authority to order judicial deportation as a condition of supervised release. *See United States v. Romeo*, 122 F.3d 941, 943 (11th Cir. 1997). The court therefore erred in doing so. However, the district court was still empowered to order the deportation of the defendants at sentencing pursuant to 8 U.S.C. § 1228(c).[14] The defendants concede that the district court had the authority to order them deported as

_____

[14]    In ordering the defendants' deportation, the court inadvertently referred to the applicable statute as 8 U.S.C. § 1252(a)(c). The relevant provisions of 8 U.S.C. § 1252(a) were reclassified as 8 U.S.C. § 1228(c) in 1996.

19

part of their sentences. They maintain, however, that the Government failed to provide them with the requisite notice of its intent to seek deportation.

The Government must meet two procedural prerequisites before a defendant can be deported pursuant to 8 U.S.C. § 1228(c). First, the Government must file with the court and serve upon the defendant before trial a notice that it will seek judicial removal. *See* 8 U.S.C. § 1228(c)(2)(A). Second, the Government, with the concurrence of the Commissioner of the INS, must file a "charge containing factual allegations regarding the alienage of the defendant and identifying the crime or crimes which make the defendant deportable" at least thirty days prior to the date set for sentencing. 8 U.S.C. § 1228(c)(2)(B). The notice provided by the Government was timely and informed the court and defendants of the crimes that, in the Government's view, made the defendants deportable. However, the notice did not include the Government's allegations as to the alienage of each defendant. The defendants suggest that the Government's failure to inform them of its position that each defendant was a deportable alien requires this to court vacate each order of deportation.

None of the defendants raised an objection to the sufficiency of the Government's notice below. Our review is therefore for plain error. *See United States v. Chisholm*, 73 F.3d 304, 307 (11th Cir. 1996). We will only find plain error

where (1) there is an error; (2) the error is plain or obvious; (3) the error affected the defendants' substantial rights or, in other words, was prejudicial and not harmless; and (4) the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.* In this case, the defendants have failed to demonstrate how the Government's failure to inform them of its position on their alienage affected their substantial rights. No defendant has suggested that he was unable to mount a potentially successful defense to the deportation order because of the Government's action or that the Government's position as to his immigration status was incorrect. Because the defendants have not demonstrated that the Government's failure to comply with 8 U.S.C. § 1228(c)(2)(B) affected their substantial rights, we reject the defendants' challenges to the orders of deportation.

## *Conclusion*

The defendants' convictions and the orders of deportation are affirmed. For the foregoing reasons, however, Hoa Le, Van Le, Doan, and Pham's sentences on the conspiracy count are vacated. Nguyen's sentences on both the substantive RICO and conspiracy counts are also vacated. On remand, the district court must base each defendant's offense level for the RICO conspiracy conviction solely on predicate acts that either the jury found the defendants committed or acts that the court finds were proven beyond a reasonable doubt. Moreover, the court must sentence Hoa Le, Van

Le, Doan, and Pham to no more than 240 months imprisonment and Nguyen to no more than 480 months. Thuy's sentence was not affected by the court's errors and is therefore affirmed.

AFFIRMED IN PART; VACATED AND REMANDED WITH INSTRUCTIONS IN PART.