**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4809**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SANTOS CANALES-REYES, a/k/a Chicago,

        Defendant - Appellant.

**No. 10-4896**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAIME SANDOVAL, a/k/a Pelon,

        Defendant - Appellant.

**No. 10-4897**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HEVERTH ULISES CASTELLON, a/k/a Misterio, a/k/a Sailor,

Defendant - Appellant.

_____

**No. 10-4971**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXI RICARDO RAMOS, a/k/a Pajaro,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:08-cr-00134-RJC-20; 3:08-cr-00134-RJC-19; 3:08-cr-00134-RJC-DSC-3; 3:08-cr-00134-RJC-13)

_____

Submitted: October 31, 2011     Decided: November 18, 2011

_____

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Denzil H. Forrester, Charlotte, North Carolina; R. Deke Falls, Charlotte, North Carolina; Diana Stavroulakis, Pittsburgh, Pennsylvania; William R. Heroy, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellants.   Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise from a racketeering prosecution that targeted organized gang activity. Santos Canales-Reyes received a 144-month sentence following pleas of guilty to conspiracy to participate in a racketeering enterprise (RICO conspiracy) in violation of 18 U.S.C. § 1962(d) (2006), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). Jaime Sandoval received a 222-month term of imprisonment following guilty pleas to RICO conspiracy, and using and carrying a firearm during and in relation to a crime of violence. A 240-month sentence was imposed on Heverth Castellon pursuant to pleas of guilty to RICO conspiracy; conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841 (2006); conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (2006); attempted robbery in violation of the Hobbs Act; conspiracy to commit extortion, in violation of the Hobbs Act; possessing a firearm during and in relation to a crime of violence; conspiracy to obstruct justice and tamper with a witness, in violation of 18 U.S.C. §§ 371, 2 (2006); obstruction of justice, in violation of 18 U.S.C. §§ 1503, 2 (2006); and witness tampering, in violation of 18 U.S.C. §§ 1512(b)(1), 2 (West 2000 & Supp. 2011). Alexi Ramos received

3

a 108-month sentence following guilty pleas to RICO conspiracy, two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2006), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006).

On appeal, all appellants assert various sentencing claims and, in addition, Canales-Reyes challenges the validity of his guilty plea. Initially, the Government asserts that appellate waiver provisions in the plea agreements entered into by Canales-Reyes and Sandoval bar consideration of their claims and require dismissal of their appeals. Canales-Reyes and Sandoval argue that the appeal waivers in their plea agreements are invalid because the Government breached the agreements. A plea agreement is breached when a government promise that induces the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). A criminal defendant asserting that the government breached a plea agreement bears the burden of proving such a breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000).

Canales-Reyes argues that the Government breached the plea agreement by failing to seek the dismissal of charges pending in state court in New York. Canales-Reyes, however, offers no evidence to show that the Government reneged on the oral agreement to request – not to secure – the dismissal of

4

those pending charges. The Government did not breach the plea agreement, and Canales-Reyes' claims are within the scope of the waiver of appeal contained in that agreement. We therefore dismiss his appeal.

Sandoval argues that his appeal waiver is not enforceable because the Government breached the plea agreement by not recognizing that he initially cooperated before refusing to testify or provide further information. Sandoval clearly breached the provision in his plea agreement that required him to provide full cooperation, thereby releasing the Government from any obligation to seek a lower sentence for him. The Government did not breach the plea agreement, and Sandoval's appeal waiver is therefore enforceable. Further, the claims he asserts on appeal are encompassed by the waiver. Accordingly, we likewise dismiss his appeal.

Castellon first argues that the district court erred at sentencing by holding him responsible for 400 to 500 grams of cocaine. This court "review[s] the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir.), cert. denied, 131 S. Ct. 2943 (2011) (internal quotation marks omitted). The defendant bears the burden of establishing that information relied upon by the district court is erroneous. Id. Castellon has failed to

demonstrate that the district court's determination was clearly erroneous. Additionally, no right to cross-examine exists at sentencing, and failure to afford Castellon an opportunity to cross-examine the witnesses from related trials whose testimony was relied upon by the district court at Castellon's sentencing did not render the testimony unreliable or inadmissible. United States v. Powell, 650 F.3d 388, 391-93 (4th Cir.), cert. denied, __ U.S. __, 2011 WL 4536365 (Oct. 3, 2011) (No. 11-5824).

Castellon further argues that the district court erred by relying on pre-plea conduct to deny him credit for acceptance of responsibility. Circuit precedent squarely forecloses this argument. United States v. Dugger, 485 F.3d 236, 240 (4th Cir. 2007) (affirming denial of acceptance-of-responsibility adjustment based on continued drug-dealing while incarcerated before guilty plea). We therefore reject Castellon's challenge to his sentence.

Ramos asserts that the district court erred by using U.S. Sentencing Guidelines Manual (USSG) ch.3 pt. D (2009) to factor in acts of extortion for which he was not charged or convicted in determining his offense level, and that the court's factual findings were not adequately supported. Contrary to his argument, the district court was correct to use the Guidelines to group related conduct and adjust the offense level accordingly. USSG § 2E1.1 cmt. n.1 (directing courts to apply

part D to determine "the offense level applicable to the underlying racketeering activity"); USSG Ch. 3, pt. D, introductory cmt.; United States v. Nguyen, 255 F.3d 1335, 1344 (11th Cir. 2001); United States v. Ruggiero, 100 F.3d 284, 292-93 (2d Cir. 1996). As for his second argument, Ramos's flat denial of the relevant facts in the presentence report (PSR) did not satisfy his affirmative duty to demonstrate that the PSR was unreliable or contained inaccuracies. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the absence of any more specific objection at the sentencing hearing, the district court was "free to adopt the findings in the [PSR] without more specific inquiry or explanation." Id. (internal quotation marks omitted). Additionally, testimony introduced in related trials in the district court, which was subject to cross-examination by attorneys for the defendants, was supported by indicia of reliability far exceeding that necessary for use at sentencing. Powell, 650 F.3d 388, 391-94 (affirming use of out-of-court statements that were never subject to cross-examination to establish Guidelines factors). We accordingly find no infirmity in the imposition of Ramos's sentence.

In summary, we affirm the district court's judgments as to Castellon and Ramos. We dismiss the appeals sought to be pursued by Canales-Reyes and Sandoval. We dispense with oral argument because the facts and legal contentions are adequately

7

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>