**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bobby Ricky MADISON, Defendant–
Appellant.**

**No. 13–14541
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 2016.

Harriett Galvin, Kathleen Mary Salyer, Wifredo A. Ferrer, Michael E. Gilfarb, U.S. Attorney's Office, Miami, FL, Mark Dispoto, Michael Garrett Walleisa, U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Randee J. Golder, Randee J. Golder, PA, Boynton Beach, FL, for Defendant–Appellant.

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Bobby Ricky Madison appeals his conviction and sentence for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a); and carrying and using a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such a crime, in violation of 18 U.S.C. § 924(c)(1)(A). In support of his request that we vacate his conviction, Madison argues that the district court erred in denying his motion to suppress his cellphone records and that the district court abused its discretion in refusing to give the jury a limiting instruction regarding a co-conspirator's statement. In support of his request that we vacate his sentence, Madison argues that the district court abused its discretion in denying Madison's motion for recusal and reassignment to another judge for sentencing, that the district court improperly relied upon acquitted and uncharged conduct to enhance Madison's offense level under the Sentencing Guidelines, and that Madison's sentence is substantively unreasonable. After review,[1] we affirm Madison's conviction but vacate Madison's sentence and remand for resentencing.

As Madison concedes in his reply brief, a recent decision of this Court forecloses Madison's Fourth Amendment argument. *See United States v. Davis,* 785 F.3d 498, 513 (11th Cir.2015) (en banc) (holding that the Government's obtaining cellphone tower records from a provider under the SCA does not constitute a search under the Fourth Amendment). Madison urges this Court to nevertheless find error in the district court's refusal to suppress Madison's cellphone tower records based upon the Government's alleged failure to meet the threshold requirements of the Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq.* Even if the Government failed to meet the SCA's requirements, exclusion would not be an available remedy. Unless the statute at issue provides for exclusion, we do not apply the exclusionary rule to non-constitutional violations of law. *United States v. Thompson,* 936 F.2d 1249, 1251 (11th Cir.1991). Under the SCA, a victim of improper data collection has several remedies available, but suppression of evidence is not among them. *See* 18 U.S.C. §§ 2707, 2708, 2712. Therefore, the district court did not err in denying Madison's motion to suppress his cellphone records.

At trial, Madison objected not to the admissibility of his alleged co-conspirator's post-arrest statement to police but to the district court's refusal to give a limiting instruction similar to that in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620,

---

1. When considering the denial of a motion to suppress, we review for clear error the district court's factual findings, construing all facts in the light most favorable to the prevailing party below, and review *de novo* the district court's application of the law to the facts. *United States v. Steed,* 548 F.3d 961, 966 (11th Cir.2008).

We review for abuse of discretion both the district court's refusal to give a requested jury instruction, *United States v. Morris,* 20 F.3d 1111, 1114 (11th Cir.1994), and the district court's denial of a motion for recusal, *United States v. Bailey,* 175 F.3d 966, 968 (11th Cir. 1999).

20 L.Ed.2d 476 (1968). Madison asked that the district court instruct the jury as follows:

If the Government offers evidence that this Defendant made a statement or admission to someone, or that an alleged Participant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant or alleged Participant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement—including the circumstances under which it was made.

Any such statement of an alleged Participant is not evidence about this Defendant.

Invoking *Bruton*, Madison urges this Court to find error in the district court's refusal to give the instruction.

Madison's argument lacks merit. First, this proposed instruction makes little sense in the context of a lone defendant. If the statement of Madison's co-conspirator is not evidence about Madison, then the statement should never have been admitted. Madison conceded admissibility and therefore conceded that the statement is "evidence about this Defendant." *See United States v. Silverman*, 745 F.2d 1386, 1399 (11th Cir.1984) ("A court need not grant a requested instruction that does not concern issues properly before the jury or would tend to confuse it."). Second, to the extent Madison attempts to raise a Confrontation Clause issue, Madison's argument is foreclosed by his insistence that the co-conspirator's statement was not hearsay because it was not offered for the truth of the matter asserted. *See United States v. Jiminez*, 564 F.3d 1280, 1286–87 (11th Cir.2009) (emphasis in original)

("There can be no doubt that the Confrontation Clause prohibits *only* statements that constitute impermissible hearsay."). Therefore, the district court did not abuse its discretion in declining to give Madison's proposed instruction.

■ Although we affirm Madison's conviction, we vacate Madison's sentence and remand for resentencing. After his conviction and under the protection of a proffer agreement, Madison met with representatives of the Government to provide the Government with potentially valuable information. Under the proffer agreement, the Government was not permitted to use Madison's post-conviction statements in determining Madison's sentence. The Government concedes that it inadvertently breached the proffer agreement by including references to Madison's post-conviction statements in sentencing-related filings to the district court. Upon Madison's motion to strike and for recusal, the district judge agreed to strike the Government's filings but declined to recuse herself, reasoning that she could disregard the inadvertently disclosed information. This was an abuse of discretion. *See United States v. Foster*, 889 F.2d 1049, 1056 (11th Cir.1989) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)) ("[I]t makes no difference whether the judge was (or was not) influenced by information divulged through the government's breach.... Under these circumstances, the only available and sufficient remedy is to require specific performance of the agreement, which means that [the defendant] must be resentenced by a different judge."). On remand, Madison is to be sentenced by a district judge who lacks knowledge of Madison's post-conviction statements. Because we vacate and remand for resentencing on this basis, we do not address Madison's challenges to

the procedural[2] and substantive reasonableness of his sentence.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

2. Madison argues, among other things, that the district court erred by determining the particular object offenses Madison conspired to commit under the preponderance of the evidence standard. *See United States v. McKinley*, 995 F.2d 1020, 1026 (11th Cir. 1993) ("The sentencing court makes this determination as if 'it were sitting as a trier of fact,' which is to say that the court must find beyond a reasonable doubt that the defendant conspired to commit the particular object offense.").