[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12716

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARVAHAM ZANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60200-AHS-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Arvaham Zano appeals his total 96-month sentence for wire fraud, interstate transportation of stolen property, and failure to give up possession of household goods. Zano argues that the court procedurally erred when it improperly applied a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(A). Zano also argues that the court erred when it orally pronounced that he would be sentenced to one year of supervised release for Count 13 but wrote in its written judgment that he would be sentenced to three years of supervised release for Count 13.

## I.

We "review the district court's factual findings for clear error, and its interpretation and application of the Guidelines *de novo*." *United States v. McQueen*, 670 F.3d 1168, 1169 (11th Cir. 2012).

The Sentencing Guidelines provide for a two-level enhancement if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." U.S.S.G. § 2B1.1(b)(10)(A).

The Guidelines and commentary do not define the term "relocate." Where the Guidelines do not define a term, we are "bound to give the term its ordinary meaning." *United States v. Digiorgio*, 193 F.3d 1175, 1178 (11th Cir. 1999). To "relocate" means to

"establish or lay out in a new place."  Webster's 3d New Int'l Unabridged Dictionary 1919 (1976).

A panel of this Court in held in *United States v. Morris*, 153 F. App'x 556, 559 (11th Cir. 2005), an unpublished opinion, that the district court in that case erred when it applied the relocation enhancement to Morris.  The panel held that the government did not present evidence that Morris or any member of his conspiracy "tried to relocate the scheme to another jurisdiction, under the ordinary meaning of that word."  *Id.*  The panel explained that while Morris recruited others for trips to other jurisdictions, "the addition of co-conspirators implies an expansion, and not a relocation, of the conspiracy."  *Id.*  The Seventh Circuit has similarly held that the enhancement did not apply when the scheme operated in multiple states but there was no evidence that it was relocated and Detroit was always the hub of the operation.  *United States v. Hines-Flagg*, 789 F.3d 751, 756 (7th Cir. 2015) ("[W]e believe application of this enhancement requires more than just the operation of a multi-jurisdictional scheme").

The government relies on a Sixth Circuit decision which rejected a defendant's argument that his home base of Toledo meant that the enhancement did not apply.  In *United States v. Woodson*, 960 F.3d 852 (6th Cir. 2020), the Sixth Circuit held that "'where travel to other jurisdictions' to avoid detection by law enforcement is 'a key component of a fraud scheme,' the enhancement applies, regardless [of] whether the conspirators periodically return to a stationary hub to perform part of the scheme."  *Id.* at 855 (quoting *United*

*States v. Thornton*, 718 F. App'x 399, 403–04 (6th Cir. 2018)).  The defendant and his accomplices visited jewelry stores across the region and moved from location to location "to avoid detection;" "their scheme seemingly would only work once in a given area, as the events leading up to Woodson's arrest demonstrate." *Id.* at 856.

Here, the court erred when it applied the relocation enhancement to Zano's guidelines pursuant to U.S.S.G. § 2B1.1.1(b)(10)(A).  Based on the dictionary definition of the word relocation, the government did not meet its burden of proving that Zano moved any part of his scheme to a new place to avoid detection.  U.S.S.G. § 2B1.1(b)(10)(A); *Digiorgio*, 193 F.3d at 1178.  The government only demonstrated that there were victims in over 32 states and that Zano's drivers would move items and drop them in different storage units in different states.  The only evidence to which the government points is the multi-jurisdictional nature of the criminal enterprise.  The government's position seems to be that the relocation enhancement would apply whenever the criminal enterprise operates in interstate commerce.  We reject that position and hold that application of the enhancement requires something more—some evidence that the location of the criminal enterprise was intended to change (i.e. relocate) over time to evade law enforcement or regulatory officials.

In this case we cannot conclude that the government proved that "something more."  For example, the government did not prove that Zano would have the drivers move the items to different places in order to evade the authorities; and, unlike the cases the

government relies on, there was no evidence that Zano would move to a different state once the authorities began to suspect his fraud. The evidence showed only that Zano operated a fraudulent moving business that operated in jurisdictions all over the country, as it was originally intended to do and that it continued to do for the duration of the scheme. There was no evidence of an intent to evade law enforcement[1] relating to the location or relocation of the criminal operation. Therefore, the court erred when it applied the two-level relocation enhancement to Zano's guidelines.

## II.

The correction of a clerical error under Federal Rule of Criminal Procedure 36 is a legal issue that we review *do novo*. *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).

Federal Rule of Criminal Procedure 36 provides that a court "may at any time correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *Davis*, 841 F.3d at 1261. A court's correction of a written judgment "[cannot] prejudice the defendant in any reversible way." *Id.* (quotation marks omitted, alteration in original). Where there

---

[1] Of course, as in every criminal enterprise, there was other evidence—not related to the location or relocation of the criminal enterprise—of an intent to avoid detection by law enforcement—e.g. the failure to obtain the appropriate license and the use of several names.

is any discrepancy between the two, a court's oral pronouncement of a sentence rules over the written judgment. *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990).

At the sentencing hearing, the district court orally ruled that Zano would be sentenced to a three-year term of supervised release for Count 3 and for Count 10, and a one-year term of supervised release for Count 13, all terms to run concurrently. However, in its written judgment the district court imposed three-year terms of supervised release for each of the three counts. Zano argues on appeal that the district court erred in the written judgment with respect to the three-year term of supervised release for two reasons: first, because the oral pronouncement controls over a conflicting written judgment; and second, because a conviction under 49 U.S.C. § 14915, as is the case with respect to Count 13, authorizes a term of supervised release of not more than one year.

A person convicted under 49 U.S.C. § 14915 may not be imprisoned for more than two years. 49 U.S.C. § 14915(b). An offense that has a maximum term of imprisonment of less than five years but more than one year is a Class E felony. 18 U.S.C. § 3559(5). The court is authorized to impose not more than one year of supervised release for a Class E felony. 18 U.S.C. § 3583(b)(3).

As the government concedes in its brief on appeal, the court erred when its written judgment directly conflicted with its oral pronouncement of its sentence. The oral pronouncement of Zano's sentence of a one-year term of supervised release for Count 13 unambiguously conflicts with the written judgment of a three-

23-12716                Opinion of the Court                            7

year term of supervised release for Count 13.  The court's oral pronouncement of a term of one year must control.  *Khoury*, 901 F.2d at 977.   Moreover, the court's written judgment sentencing Zano to three years of supervised release for Count 13 is contrary to the law.  It is contrary to the law because Zano was convicted under 49 U.S.C. § 14915, which is considered a Class E felony, and pursuant to 18 U.S.C. § 3583(b)(3), a court may not impose a term of more than one year of supervised release for a Class E felony.  18 U.S.C. § 3583(b)(3); 18 U.S.C. § 3559(5).

**VACATED AND REMANDED.**